UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL K. KELLER**

        Plaintiff,

Case No.

v.

Hon.

**MIRI MICROSYSTEMS, LLC**,

Mag.

        Defendant.

**GOLD STAR LAW, P.C.**
**DAVID A. HARDESTY (P38609)**
**MAIA E. JOHNSON (P40533)**
Attorneys for Plaintiff
210 E. Third St., Ste. 212
Royal Oak, MI 48067
(248) 295-7210
dhardesty@goldstarlaw.com
mjohnson@goldstarlaw.com

## COMPLAINT AND JURY DEMAND

## COMPLAINT

Plaintiff, Michael K. Keller, through his attorneys, Gold Star Law, P.C., for his Complaint states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Michael K. Keller ("Plaintiff"), is an individual who resides in Burtchville, St. Clair County, Michigan.

2. Defendant, Miri Microsystems LLC ("Defendant"), is a Michigan limited liability company with its principal offices in Burton, Genesee County, Michigan.

3. This action arises under 29 USC 207, and jurisdiction of this Court is invoked pursuant to 28 USC 1331.

4. Defendant resides within this judicial district, and venue is proper in this Court pursuant to 28 USC 1391(b).

## FACTUAL ALLEGATIONS

5. Plaintiff was employed by Defendant from March 10, 2011 through November 12, 2012.

6. Defendant is and was engaged in the business of selling satellite television services and selling and installing the equipment necessary for the customer to receive the satellite signals.

7. Plaintiff was employed as an installer and repairer of satellite dishes and related equipment at the premises of customers.

8. Defendant improperly classified Plaintiff as an independent contractor, and did not withhold any state or federal taxes from his compensation.

9. Defendant controlled Plaintiff's hours of work by establishing his schedule every day, requiring him to begin work at a set time and continue working through the last scheduled job.

10. Defendant controlled and directed the work which Plaintiff was to perform.

11. Defendant required that Plaintiff use specified tools, equipment and materials for installations and repairs.

12. Defendant required that Plaintiff meet specified standards and use specified methods to complete the work.

13. Defendant required that Plaintiff submit photographs showing particular areas of the work at the end of each installation or repair.

14. Defendant required that all work be performed by Plaintiff personally.

15. During the entire tenure of his employment with Defendant Plaintiff worked solely for Defendant.

16. Plaintiff worked on a full-time basis for Defendant.

17. Plaintiff did not hold himself out as available to perform work for the public, and did not perform any installation or repair work for the public outside his employment with Defendant.

18. Defendant controlled the order and sequence of Plaintiff's work by setting the schedule for which jobs would be performed at what times.

19. Plaintiff had no authority to hire or compensate assistants for performing the work for Defendant.

20. The work performed by Plaintiff was necessary to the success and continuation of Defendant's business.

21. Plaintiff was required to report to Defendant regarding the work performed at the end of each day.

22. There was no agreement between Plaintiff and Defendant which limited the ability of either to terminate their relationship or imposed any liability for termination.

23. Plaintiff was required to use materials purchased from Defendant for installations and repairs.

24. Defendant required Plaintiff to undergo training provided by Defendant before he could begin employment.

25. Defendant paid Plaintiff with regular weekly paychecks.

26. Plaintiff's pay was based on set rates for installations, upgrades and repairs, which rates were established based on the amount of time required to complete the work.

27. During the term of his employment with Defendant, Plaintiff regularly worked more than forty hours per week, with the knowledge of Defendant.

28. Plaintiff was never compensated at a higher rate for installations, upgrades or repairs performed during overtime hours.

29. Plaintiff was paid an average of $1,000.00 per week during the term of his employment.

30. Plaintiff's regular hourly rate during the term of his employment was $25.00 per hour.

31. Plaintiff worked an average of eighty hours per week during the term of his employment.

32. During the term of his employment, Plaintiff worked a total of at least 3,360 hours in excess of forty hours per week.

33. During the term of his employment, Defendant never paid Plaintiff one and one-half times his regular rate for hours worked in excess of forty per week.

## CAUSE OF ACTION – VIOLATION OF THE FLSA

34. Plaintiff incorporates the allegations in paragraphs 1 through 33 of this Complaint as if fully stated herein.

35. Defendant is an employer within the coverage of the Fair Labor Standards Act, 29 USC 201 *et seq*. (FLSA).

36. Plaintiff is an employee within the coverage of the FLSA.

37. Pursuant to Section 207 of the FLSA, Defendant was required to pay Plaintiff one and one-half (1 ½) times his regular hourly rate of pay for all hours worked in excess of forty per week.

38. Defendant violated Section 207 of the FLSA by failing to pay Plaintiff one-half (½) times his regular hourly rate of pay, or $37.50, for each hour worked in excess of forty for each week during the period from March 10, 2011 through November 12, 2012.

39. Defendant's failure to pay overtime compensation in violation of the FLSA was willful, with knowledge or reckless disregard of the statutory overtime requirements.

40. For the period from March 10, 2011 through November 12, 2012, the total unpaid overtime compensation earned by Plaintiff and owed by Defendant was at least $126,000.00.

41. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for unpaid overtime compensation, plus an additional equal amount as liquidated damages, together with a reasonable attorney's fee and costs of the action.

42. As a direct and proximate result of Defendant's violation of the FLSA, Defendant is liable to Plaintiff in the amount of at least $252,000.00.

**WHEREFORE**, Plaintiff, Michael K. Keller, requests that this Court enter judgment against Defendant in an amount not less than $252,000.00, together with his costs and reasonable attorney fees incurred herein, interest at the statutory rate from the date of filing this Complaint, and such other relief as this Court deems just and equitable.

        Respectfully submitted,

        **GOLD STAR LAW, P.C.**

        _/s/ David A. Hardesty_
        **David A. Hardesty P38609**
        **Maia E. Johnson P40533**
        Attorneys for Plaintiff
        210 E. Third St., Ste. 212
        Royal Oak, MI, 48067
        (248) 295-7210

Dated: December 14, 2012

## **JURY DEMAND**

Plaintiff, Michael K. Keller, hereby demands a trial by jury in this action.

             Respectfully submitted,

             **GOLD STAR LAW, P.C.**

             _/s/ David A. Hardesty_
             **David A. Hardesty P38609**
             **Maia E. Johnson P40533**
             Attorneys for Plaintiff
             210 E. Third St., Ste. 212
             Royal Oak, MI, 48067
             (248) 295-7210

Dated: December 14, 2012